UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RELIANT MANAGEMENT GROUP, LLC D.B.A. RELIANT REHABILITATION et al. | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:10-cv-00122-B |
| vs. | § § § | JUDGE JANE J BOYLE |
| RELIANT SURGERY CENTERS, INC. D.B.A. RELIANT HEALTHCARE PARTNERS, INC. | § § § § | |
| Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT RELIANT SURGERY CENTERS, INC.'S MOTION TO DISMISS RELIANT MANAGEMENT GROUP, LLC D.B.A. RELIANT REHABILITATION'S COMPLAINT PURSUANT TO FEDERAL RULE 12(B)(6), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE 56**

Defendant Reliant Surgery Centers, Inc. ("Defendant"), files this Brief in Support of its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Complaint of Plaintiffs Reliant Management Group, LLC D.B.A. Reliant Rehabilitation and Reliant Pro Rehab, LLC d.b.a. Reliant Rehabilitation (collectively, "Plaintiffs") for failure to state a claim upon which relief against Defendant can be granted, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

I.   FACTS

Defendant was incorporated in 2004. (Appendix, Declaration of Emmett E. Moore, p. 1, ¶ 2.) Defendant was formed as a holding company to pursue a business venture that did not involve rehabilitation facilities or services. (Id., ¶ 3.) The business venture never got off the ground, and Reliant Surgery Centers, Inc. ceased operations in 2006. (Id.)

Defendant did not adopt or use the name "Reliant Rehabilitation." (Id., p. 2, ¶ 4.) Defendant does not and has never operated under the name "Reliant Rehabilitation." (Id., p. 2, ¶ 5.)

II.     STANDARD OF REVIEW

To withstand a motion brought under Rule 12(b)(6), Plaintiffs must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in order to defeat a motion to dismiss. *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that the substance of its claims go "across the line from conceivable to plausible." *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570.

Summary judgment is appropriate when the movant establishes that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing "an absence of evidence to support [plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Lynch Properties, Inc. v. Potomac Ins. Co.*, 140 F.3 d 622, 625 (5th Cir. 1998). The burden then shifts to the plaintiff "to identify specific facts that show the existence of a genuine issue of material fact." *Thomas v. Int'l Business Machines*, 48 F.3d 478, 484 (10th Cir. 1995). Plaintiffs must do far more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, Plaintiffs "must present sufficient evidence in specific, factual form for a jury to return a verdict" in their favor. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Rule 56(c) does not require that discovery take place before a motion for summary

judgment may be granted. See *Walker v. U.S. Environmental Protection Agency*, 802 F.Supp. 1568, 1576 (S.D. Tex. 1992) (citing *Mills v. Damson Oil Corp.*, 931 F.2d 346, 350 (5th Cir. 1983)).

III.   ARGUMENT

Defendant is not a real party in interest to this lawsuit. Defendant has no interest in the result of this lawsuit. Defendant has no interest in or control over the subject matter of the litigation. Defendant has no involvement with the facts alleged in the Complaint.

Plaintiffs allege that in 2006, Defendant adopted and commenced use of the name RELIANT REHABILITATION with the intention of competing unfairly with Plaintiffs. (Complaint, ¶ 9.) In fact, Defendant ceased operations in 2006. (Appendix, Declaration of Emmett E. Moore, p. 1, ¶ 3.) As stated above, Defendant has never adopted, used or operated under the name "Reliant Rehabilitation." (Appendix, Declaration of Emmett E. Moore, p. 2, ¶¶ 4-5.) Further, Defendant's business did not involve rehabilitation, and Defendant did not intend to compete with Plaintiffs, much less compete unfairly. (Appendix, Declaration of Emmett E. Moore, p. 1, ¶ 3.)

Plaintiffs allege that Defendant has used the name RELIANT REHABILITATION in its corporate name, in the name of multiple hospitals in Texas, and in advertising. (Complaint, ¶ 9.) The face of the Complaint shows that although Defendant's corporate name contains the word "reliant," it does not contain the word "rehabilitation." Again, Defendant ceased operations in 2006, and never did business involving rehabilitation services. (Appendix, Declaration of Emmett E. Moore, p. 1, ¶ 3.) Defendant has no involvement with any hospitals in Texas. It has no need for advertising. It is not an operating company.

WHEREFORE, based upon the foregoing facts and authorities, Defendant respectfully

3

requests that this Court grant its motion to dismiss the Complaint of Plaintiffs Reliant Management Group, LLC D.B.A. Reliant Rehabilitation and Reliant Pro Rehab, LLC D.B.A. Reliant Rehabilitation, or in the alternative, grant its motion for summary judgment, and for such other and further relief, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted this 28th day of June, 2010.

**BAKER & HOSTETLER LLP**

By:    /s/ Paul S. Francis
     Paul S. Francis
     Attorney in Charge
     Federal Bar No. 7020
     Texas Bar Number 07359500
     Baker Hostetler, LLP
     1000 Louisiana, Suite 2000
     Houston, Texas  77002
     Telephone:  (713) 751-1600
     Facsimile:  (713) 751-1717
     Email:  pfrancis@bakerlaw.com

COUNSEL FOR DEFENDANT, RELIANT SURGERY CENTERS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served on the persons listed below via ECF filing on June 28, 2010.

David W. Nance, Esq.
D.W. Nance, LLC
5700 Magazine Street
New Orleans, LA 70115

                                      /s/ Paul S. Francis
                                      Paul S. Francis