IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RELIANT MANAGEMENT GROUP, LLC D.B.A. RELIANT REHABILITATION and RELIANT PRO REHAB, LLC D.B.A. RELIANT REHABILITATION<br><br>                     Plaintiffs,<br><br>v.<br><br>RELIANT HOSPITAL PARTNERS, LLC<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:10-CV-122-B<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

<u>COUNT ONE</u>

Plaintiffs complain against defendant and for a First Cause of Action allege:

1. This is an action for unfair competition and service mark infringement of plaintiffs' well-known name and mark RELIANT REHABILITATION. It arises under the laws of the United States, including the Federal Trademark Act of 1946, 15 U.S.C.A. §§ 1051 et seq. and the laws of the State of Texas relating to unfair competition and to trade name and service mark infringement. This court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1338 and 15 U.S.C.A. § 1121, in that this is an action arising out of the Lanham Act, 15 U.S.C.A. §§ 1051 et seq. This court has supplemental jurisdiction over plaintiffs' state law trademark dilution claims pursuant to 28 U.S.C.A. § 1338(b), as those claims are joined with

a substantial and related claim under the Lanham Act.

2. This court has jurisdiction over the subject matter and the parties under 15 U.S.C.A. §§ 1121 and 1125(a) and (c), as well as the provisions of 28 U.S.C.A. §§ 1331(a); 1338(a) and (b).

3. Plaintiff Reliant Management Group, LLC ("Reliant") is now and since May 25, 2004, has been a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Baton Rouge, East Baton Rouge Parish, Louisiana.

4. Plaintiff Reliant Pro Rehab, LLC ("Reliant Pro") is now and since August 22, 2007, has been a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Plano, Collin County, Texas.

4. Defendant is now and, upon information and belief, was at all times mentioned in this complaint a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Addison, Dallas County, Texas. Venue as to this defendant and as to each count in this complaint lies within this District, as provided by 28 U.S.C.A. § 1391(b) and (c).

5. As a complete and independent claim for relief, plaintiffs allege unfair competition by

defendant under 15 U.S.C.A. § 1125(a). This court has jurisdiction over the subject matters and the parties to this action under 28 U.S.C.A. §§ 1332(a), (c), and 1338(b).

6. Beginning at least November 1, 2003, with one of plaintiff Reliant's members and since 2004, plaintiff Reliant has used, and its related and affiliated company Reliant Pro has also used, and are using, the trade name and service mark RELIANT REHABILITATION in connection with the promotion, advertising, conduct, and expansion of their business, which includes providing turnkey rehabilitation facilities consisting of an entire rehabilitation department to hospitals for various types of rehabilitation.

7. Plaintiff Reliant is the owner of the United States Registration of its mark RELIANT REHABILITATION for Class 44 and has continuously used the mark shown in that registration for those services since 2003. This registration, No. 3426134, was first used on July 1, 2003, and first used in commerce on November 1, 2003, and plaintiff has continuously used and has not abandoned the mark RELIANT REHABILITATION for such services. The mark RELIANT REHABILITATION was published for opposition on February 26, 2008, and then added to the principal federal register on May 13, 2008.

8. By virtue of extensive and substantial advertising, promotion of its business, sales of goods, and rendition of substantial and widespread services under the trade name, trademark, and service mark RELIANT REHABILITATION, and because of plaintiffs' maintenance of high quality standards relating to such services, the name and mark have become widely

known by the public as indicating source or origin of services and goods in plaintiff and its related and affiliated companies.

9. Plaintiffs are informed and believe, and on such information and belief allege, that sometime in 2006 defendant adopted and commenced use of the name RELIANT REHABILITATION with the intention of competing unfairly with plaintiff. Defendant has misappropriated the name RELIANT REHABILITATION by using it in the business name of defendant, the name of multiple hospitals in Texas, and in self-published and purchased advertising--e.g., on websites hosted at the domain names RELIANTHCP.COM, RELIANTNORTHTX.COM, RELIANTABILENE.COM, RELIANTCENTRALTX.COM, RELIANTNORTHHOUSTON.COM--in the manner and form shown in Exhibit A, which is attached and incorporated by reference. Since adoption of the plaintiffs' trade name and service mark RELIANT REHABILITATION by defendant, confusion has arisen among the general public, potential business partners, potential patients and potential employees/contractors, and this confusion is likely to continue, as to the source, origin or sponsorship of defendant's rehabilitation services.

10. Plaintiffs are informed and believe, and on such information and belief allege, that defendant had actual knowledge of plaintiff's ownership of the trade name and service mark RELIANT REHABILITATION prior to the first adoption or use by defendant of such trade name and service mark.

11. Defendant has neither sought nor obtained permission of plaintiffs to use RELIANT REHABILITATION in connection with defendant's business.

12. The trade name and service mark RELIANT REHABILITATION, adopted by defendant for use in its business, incorporates distinguishing feature of plaintiff's trade name and service mark, and its use by defendant in its business is irreparably damaging plaintiffs.

13. Defendant's use of the designation RELIANT REHABILITATION in advertising and promoting its business in the manner complained of constitutes unfair competition with plaintiffs under 15 U.S.C.A. § 1125(a) and at common law. Such use of plaintiff's name and mark RELIANT REHABILITATION constitutes a false designation of origin or a false description or representation of the source of origin of defendant's businesses and services. Such use results in unfair competition with plaintiffs, in that persons are likely to be confused or misled into the belief, contrary to fact, that defendant's business and services are sponsored by or endorsed by or emanate from plaintiff or are otherwise connected with plaintiffs or its related and affiliated companies. Such use therefore causes irreparable damage and harm to plaintiffs and to their good will in their trade name and service mark.

## COUNT TWO

14. Plaintiffs complain against defendant and for a Second Cause of Action allege:
As a complete and independent ground for relief, plaintiffs allege service mark infringement

and under 15 U.S.C.A § 1114(1), and incorporates by reference Paragraphs 1 through 13 above.

15. This court has jurisdiction over the subject matter and the parties to this action under 15 U.S.C.A § 1116 and under 28 U.S.C.A. §§ 1331(a), and 1338(a).

16. Plaintiff Reliant is the owner of the United States Registration of its mark RELIANT REHABILITATION filed on August 27, 2007, published for opposition on February 26, 2008, and registered on May 13, 2008, under the number 3426134. This registration is *prima facie* evidence of its validity and substance and of plaintiff's ownership of the trade name and service mark. This registration is constructive notice of plaintiff's ownership, and is admissible as evidence in this action. A copy of this registration is attached as Exhibit B, and is incorporated by reference.

17. Plaintiff Reliant's registration is *prima facia* evidence of plaintiff's exclusive right to use the registered marks in connection with plaintiff's goods and services as provided by 15 U.S.C.A § 1115(a).

18. For a long period of time prior to the date on which defendant adopted and first used RELIANT REHABILITATION in the manner complained of, and at least as early as the respective dates shown in the registrations identified as Exhibit B, plaintiff Reliant and plaintiff Reliant Pro adopted and used the trade name and service mark RELIANT

REHABILITATION in connection with the sale and advertising of their services.

19. Because of the substantial similarity between the manner in which defendant has used RELIANT REHABILITATION in advertising its business and services, and the manner in which plaintiffs have used and are using their mark, and because plaintiffs' trade name and service mark has become well known to the public, defendant's use of the trade name and service mark RELIANT REHABILITATION is likely to cause confusion, mistake, or deception at common law and within the meaning of 15 U.S.C.A § 1114(1), thereby infringing plaintiffs' registered mark to plaintiffs' immediate and irreparable damage.

## COUNT THREE

Plaintiffs complain against defendant and for a Third Cause of Action allege:

20. As a complete and independent ground for relief, plaintiffs allege trade name and service mark infringement and unfair competition by defendant at common law and incorporates by reference Paragraphs 1 through 19 above.

21. This court has jurisdiction over the subject matter and the parties to this action under 28 U.S.C.A § 1332(a) and 1338(b).

22. By virtue of both plaintiffs' long use, since at least 2003, of the name and mark

RELIANT REHABILITATION in their business, and by virtue of widespread public recognition of the name and mark as indicating plaintiffs, plaintiff Reliant is the owner at common law of the name and mark RELIANT REHABILITATION in connection with plaintiffs' business and the sale and promotion of their goods and services. Plaintiffs have established valuable good will in their trade name and service mark.

23. The designation RELIANT REHABILITATION, used by defendant as part of a trade name and/or as a service mark in advertising its business and services, so resembles plaintiffs' common-law trade name and service mark RELIANT REHABILITATION, which has become widely known by the public as indicating source or origin of plaintiffs' business and services, that it has caused and is likely to cause confusion, mistake, or deception. Such use has caused and is likely to cause persons to believe, contrary to fact, that defendant's business and the services sold or advertised by defendant under the designation RELIANT REHABILITATION originate with or are sponsored by or are in some way associated with plaintiffs, thereby infringing plaintiffs' trade name and service mark and causing plaintiffs irreparable damage and harm.

WHEREFORE, plaintiffs request:

1. Defendant, its affiliates, agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with defendant, be enjoined during the pendency of this action from using the trade name and service mark RELIANT REHABILITATION in connection with the promotion, advertising, conduct, and expansion of defendant's business

or businesses, and in particular in connection with defendant's rehabilitation services as these are perceived by the plaintiffs' potential business partners, patients, employees, and contractors as well as the general public.

2. After final hearing of this matter, defendant, its affiliates, agents, servants, and employees, and all other persons and firms acting on behalf of or in active concert with defendant, be enjoined permanently from using the trade name and service mark RELIANT REHABILITATION, in connection with the promotion, advertising, conduct, and expansion of defendant's business or businesses, and in particular in connection with defendant's rehabilitation services.

3. All costs of suit be awarded to plaintiffs, including but not limited to reasonable attorney fees;

4. Recovery of full damages or statutory penalties if damages should prove too difficult to calculate, and

4. Such other and further relief be awarded plaintiffs as this honorable court deems just and proper.

Submitted this 3rd day of August 2010.

                                                                 D.W. Nance, LLC
                                                                 5700 Magazine Street

New Orleans, LA 70115
(504) 717-4730 voice
(888) 698-7007 facsimile
david@dwnance.com
www.dwnance.com

s/ David W. Nance

_____

David W. Nance
TX Bar No. 2401 3225

David W. Nance