UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RELIANT MANAGEMENT GROUP, LLC D.B.A. RELIANT REHABILITATION, et al. | § § § § | |
| Plaintiffs and Defendants on the Counterclaim, | § § § § § | CIVIL ACTION NO.  3:10-cv-00122-B |
| vs. | § § § | |
| RELIANT HOSPITAL PARTNERS, LLC | § § § | |
| Defendant and Plaintiff on the Counterclaim. | § § | |

## ANSWER AND COUNTERCLAIM
### COUNT ONE

Now comes defendant Reliant Hospital Partners, LLC ("RHP" or "defendant") and for its response to the Complaint filed by plaintiffs Reliant Management Group, LLC D.B.A. Reliant Rehabilitation ("RMG") and Reliant Pro Rehab LLC D.B.A. Reliant Rehabilitation ("RPR," and together with RMG, "plaintiffs"), states as follows:

1.     Plaintiffs' description of this action in Paragraph 1 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.   To the extent that the Court deems a response necessary, defendant denies the allegations in Paragraph 1.

2.     RHP denies the allegations set forth in Paragraph 2 of the First Amended Complaint.

3.     RHP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the First Amended Complaint.

4.     RHP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4[1] of the First Amended Complaint.

4.     RHP admits that it is a limited liability company organized and existing under the laws of the State of Texas, and that it has a principal place of business in Addison, Dallas County, Texas.  RHP denies the balance of the allegations set forth in Paragraph 4 [sic] of the First Amended Complaint.

5.     Plaintiffs' statement in Paragraph 5 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.  To the extent that the Court deems a response necessary, defendant denies the allegations in Paragraph 5.

6.     RHP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the First Amended Complaint.  Further answering, RHP denies that plaintiffs used the mark in Texas prior to 2006.

7.     RHP states that the trademark application for RELIANT REHABILITATION was published for opposition on February 26, 2008, and that it registered on May 13, 2008; RHP denies the remaining allegations set forth in Paragraph 7 of the First Amended Complaint.

8.     RHP denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9.     RHP denies the allegations set forth in Paragraph 9 of the First Amended Complaint.  Further answering, RHP states that RHP used the name RELIANT REHABILITATION HOSPITAL in Texas prior to plaintiffs' use of the RELIANT REHABILITATION mark in Texas, so to the extent any consumer confusion has occurred, which RHP expressly denies, it was caused by RMG's later use in Texas.

---

[1]     Paragraph number 4 is repeated in the First Amended Complaint.

10.   RHP denies the allegations set forth in Paragraph 10 of the First Amended Complaint.

11.   RHP admits the allegations set forth in Paragraph 11 of the First Amended Complaint but denies that any permission of plaintiffs is necessary for RHP to use RELIANT REHABILITATION in connection with defendant's business.

12.   RHP denies the allegations set forth in Paragraph 12 of the First Amended Complaint.

13.   RHP denies the allegations set forth in Paragraph 13 of the First Amended Complaint.

<u>COUNT TWO</u>

14.   In response to the allegations contained in Paragraph 14 of the Complaint, RHP reasserts and re-alleges its responses to Paragraphs 1 through 13 of the Complaint as if set forth herein.  Further answering, RHP states that plaintiffs' statement in Paragraph 14 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.  To the extent that the Court deems a response necessary, RHP denies the allegations in Paragraph 14.

15.   In response to the allegations contained in Paragraph 15 of the Complaint, RHP reasserts and re-alleges its responses to Paragraphs 1 through 14 of the Complaint as if set forth herein.  Further answering, RHP states that plaintiffs' statement in Paragraph 15 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.  To the extent that the Court deems a response necessary, RHP denies the allegations in Paragraph 15.

16.   RHP states that the registration speaks for itself, and denies the balance of the allegations set forth in Paragraph 16 of the First Amended Complaint.

17.   RHP denies the allegations set forth in Paragraph 17 of the First Amended Complaint.

18.   RHP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the First Amended Complaint.

19.   RHP denies the allegations set forth in Paragraph 19 of the First Amended Complaint.

<u>COUNT THREE</u>

20.   In response to the allegations contained in Paragraph 20 of the Complaint, RHP reasserts and re-alleges its responses to Paragraphs 1 through 19 of the Complaint as if set forth herein.  Further answering, RHP states that plaintiffs' statement in Paragraph 20 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.  To the extent that the Court deems a response necessary, RHP denies the allegations in Paragraph 20.

21.   In response to the allegations contained in Paragraph 21 of the Complaint, RHP reasserts and re-alleges its responses to Paragraphs 1 through 20 of the Complaint as if set forth herein.  Further answering, RHP states that plaintiffs' statement in Paragraph 21 of the First Amended Complaint is not an allegation of fact or of a type requiring any response on the part of this answering defendant.  To the extent that the Court deems a response necessary, RHP denies the allegations in Paragraph 21.

22.   RHP denies the allegations set forth in Paragraph 22 of the First Amended Complaint.

23.   RHP denies the allegations set forth in Paragraph 23 of the First Amended Complaint.

24.   RHP denies that plaintiffs are entitled to the relief sought in the prayer for relief and

further states that the term "statutory penalties" is so vague and ambiguous that RHP cannot reasonably prepare a response; to the extent plaintiffs refer to statutory damages, they are unavailable; and denies each an every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

25.   Plaintiffs assumed the risk of any confusion by using the mark in Texas subsequent to RHP's use in Texas of RELIANT REHABILITATION HOSPITAL.

26.   Plaintiffs have failed to mitigate alleged damages, if any.

27.   Plaintiffs claims are barred by the applicable statute of limitations.

28.   Plaintiffs claims are barred for lack of subject matter jurisdiction.

29.   Plaintiffs claims are barred by the doctrines of waiver, laches, and/or estoppel.

30.   Plaintiffs claims are barred by the doctrine of unclean hands.

31.   Plaintiffs have not been damaged.

32.   Plaintiffs fail to state a claim for which damages and/or attorneys' fees are available.

33.   Plaintiffs have failed to state a claim upon which relief can be granted.

34.   RHP reserves the right to assert additional defenses.

**WHEREFORE**, RHP respectfully requests that the Court dismiss the action and/or enter judgment against plaintiffs on all claims set forth in the Complaint and award RHP its costs, attorneys' fees, and all other relief that the Court deems just and proper.

## COUNTERCLAIM

Defendant Reliant Hospital Partners, LLC ("RHP"), for its counterclaim against plaintiffs Reliant Management Group, LLC D.B.A. Reliant Healthcare Partners, Inc. ("RMG") and Reliant Pro Rehab LLC D.B.A. Reliant Rehabilitation ("RPR" and, together with RMG, "plaintiffs/counter-defendants") states as follows:

5

**Nature of the Action**

35.    In  this  action,  RHP  seeks  cancellation  of  plaintiff/counter-defendant  RMG's
registration of the mark RELIANT REHABILITATION, Registration No. 3,426,134, because
RMG never used the mark for the covered services prior to application for registration or the
registration date.

36.    RHP denies that there is any likelihood of consumer confusion based on its use of
RELIANT REHABILITATION HOSPITAL for its business, and plaintiffs/counter-defendants'
use  of  RELIANT  REHABILITATION  for  its  different  business.    However,  and  in  the
alternative, to the extent that this Court finds that there is a likelihood of consumer confusion, it
is caused by plaintiffs/counter-defendants' entry into the Texas market under the name and mark
RELIANT  REHABILITATION  after  RHP  had  already  begun  use  in  Texas  of  its  RELIANT
REHABILITATION HOSPITAL name and mark.

**Parties and Jurisdiction**

37.    Upon  information  and  belief,  plaintiff/counter-defendant  Reliant  Management
Group, LLC is a limited liability company organized and existing under the laws of the State of
Louisiana  with  its  principal  place  of  business  at  Suite  A,  11959  Bricksome  Avenue,  Baton
Rouge, Louisiana, 70816.

38.    Upon information and belief, plaintiff/counter-defendant Reliant Pro Rehab, LLC is
a limited liability company organized and existing under the laws of the State of Texas with its
principal place of business at 5212 Village Creek Drive Plano, Texas, 75093.

39.    RHP is a limited liability company organized and existing under the laws of the
State of Texas with its principal place of business at 15851 Dallas Parkway, Suite 500 Addison,
Texas, 75001.

40.    This Court has supplemental jurisdiction over RHP's claims pursuant to 28 U.S.C. §

1367 because they are so related to the claims that plaintiffs/counter-defendants assert in their

First Amended Complaint that they form part of the same case or controversy.

41.   This Court has personal jurisdiction over RMG because it consented to this Court's

jurisdiction by instituting its claims against RHP in this Court.   This Court has personal

jurisdiction over RPR because it is a limited liability company organized under the laws of the

State of Texas.

42.   For the purposes of RHP's claims, venue is proper in this Court pursuant to 28

U.S.C. § 1391 because plaintiffs/counter-defendants are subject to personal jurisdiction in this

district.

## Facts

43.   RHP has made use in Texas of the name Reliant Rehabilitation Hospital since late

2005.   As a result of RHP's promotion, advertising, and continuous use, the RELIANT

REHABILITATION HOSPITAL mark has acquired a valuable reputation.   The RELIANT

REHABILITATION HOSPITAL mark has become known to the public in Texas and has

become recognized by consumers, the trade, and the public at large as identifying the facilities

associated with RHP.   RELIANT REHABILITATION HOSPITAL thus serves as RHP's service

mark.

44.   On May 13, 2008, RMG obtained a federal registration the mark RELIANT

REHABILITATION and Design as a service mark for "[p]hysical rehabilitation; [p]roviding

physical rehabilitation facilities" in International Class 44 ("RMG's Mark").   See Registration

No. 3,426,134.

45.   On May 13, 2009, RHP filed an application for the mark RELIANT

REHABILITATION HOSPITAL and Design, Serial Number 77/736,104, in International Class

44 for "[e]xtended acute care hospitalization services and skilled nursing facility providing inpatient and outpatient care consisting of treatment programs following a major illness, trauma, or surgery." ("RHP's Mark").

46.   On August 15, 2009, the Trademark Examiner issued an Office Action against RHP's Mark citing a likelihood of confusion with RMG's Mark.

47.   Upon information and belief, RMG never used RMG's Mark in commerce and never displayed RMG's Mark on or in any physical rehabilitation facility, thus rendering its application for the trademark false and misleading.  On September 23, 2009, RHP filed a Petition for Cancellation before the Trademark Trial and Appeal Board requesting cancellation of registration of RMG's Mark.

48.   Upon information and belief, RMG is an outside contractor to nursing homes. RMG markets itself to nursing homes, not to nursing home occupants, and contracts with the nursing home to supply it with physical therapists and related services.  While those therapists offer physical therapy to the nursing home occupants, they do not do so under the name or mark "RELIANT REHABILITATION."  RMG never uses its name or the RMG Mark in connection with providing physical rehabilitation services to the recipients.  Only the owner of the nursing home that enters into a contract with RMG knows RMG's identity or mark.  RMG thus never used RMG's Mark in commerce in connection with the services identified as "[p]hysical rehabilitation," or as "[p]roviding physical rehabilitation facilities," prior to the application or registration dates, rendering the registration void due to non-use for the identified services.

## COUNT ONE

**Cancellation of U.S. Trademark Registration No. 3,426,134 for Nonuse**

49.   RHP repeats and re-alleges the allegations set forth above in paragraphs 35 to 48 as if fully set forth herein.

50.    RHP will be damaged by the continued registration of RMG's Mark in that RHP is using the mark RELIANT REHABILITATION HOSPITAL and Design in commerce and the registration of said mark is being impaired by the continued registration of RMG's Mark. Further, if RMG's Mark is permitted to remain on the Principal Register, with all the substantive and procedural benefits conferred by its status as a registration on the Principal Register, plaintiffs will enjoy unlawful gain and advantage to which they are not entitled under the Trademark Act of 1946.

COUNT TWO

**Texas Unfair Competition**

51.    RHP repeats and re-alleges the allegations set forth above in paragraphs 35 to 50 as if fully set forth herein.

52.    In the alternative, to the extent the Court rules that a likelihood of confusion exists, which RHP expressly denies, plaintiffs/counter-defendants caused it by entering the Texas market after RHP did.    Plaintiffs/counter-defendants therefore have unfairly competed with RHP.

53.    RHP has been damaged in an amount yet to be determined.

54.    RHP is suffering irreparable harm due to any confusion, and will continue to suffer irreparable harm, in the absence of injunctive relief.

**WHEREFORE,** RHP requests that the Court:

1. Direct the Trademark Trial and Appeal Board of the United States Patent and Trademark Office to cancel Registration No. 3,426,134;

2. To the extent it finds a likelihood of confusion, permanently enjoin plaintiffs/counter-defendants, their affiliates, agents, servants and employees, and all other persons and firms

acting on behalf of or in active concert with plaintiffs/counter-defendants, from using RELIANT REHABILITATION or any confusingly similar name and mark in Texas or using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any good or service advertised, promoted, offered, imported, exported or sold by plaintiffs/counter-defendants is sponsored, endorsed, connected with, approved or authorized by RHP; award RHP its damages and disgorge the profits wrongfully gleaned by plaintiffs/counter-defendants; treble such monetary award; award RHP pre and post judgment interest as allowed by law; and award RHP punitive damages; and

3.   Award such other and further relief to RHP as the Court deems reasonable, necessary and just.

Respectfully submitted,

**BAKER & HOSTETLER** LLP

By:        *s/Paul S. Francis*
           Paul S. Francis
           Texas Bar No. 07359500
           1000 Louisiana, Suite 2000
           Houston, Texas  77002
           Telephone:  (713) 751-1600
           Facsimile:  (713) 751-1717
           Email:  pfrancis@bakerlaw.com

Local Counsel for Defendant/Counter-Plaintiff:

Tammy S. Wood
Texas Bar No. 00788713
Bell Nunnally & Martin LLP
3232 McKinney Ave., Suite 1400
Dallas, Texas  75204-2429
Telephone:  (214) 740-1465
Facsimile:  (214) 740-1499
E-mail: tammyw@bellnunnally.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the persons listed below via ECF filing on August 31, 2010.

David W. Nance, Esq.
D.W. Nance, LLC
5700 Magazine Street
New Orleans, LA 70115


_____*s/  Paul S. Francis*_____
Paul S. Francis