UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RELIANT MANAGEMENT GROUP, LLC D.B.A. RELIANT REHABILITATION, et al., | § § § § | |
| Plaintiffs/Counter-Defendants, | § § § | CIVIL ACTION NO. 3:10-cv-00122-B |
| vs. | § § § | |
| RELIANT HOSPITAL PARTNERS, LLC, Defendant/Counter-Plaintiff. | § § § § | |

**BRIEF IN OPPOSITION TO PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO FEDERAL RULE 12(b)(6)**

In its Counterclaim, Defendant/Counter-Plaintiff Reliant Hospital Partners LLC ("RHP") has stated valid claims for relief and given adequate notice of its claims. The Court should therefore deny the Motion filed by Plaintiffs/Counter-Defendants Reliant Management Group, LLC d/b/a Reliant Rehabilitation and Reliant Pro Rehab, LLC d/b/a Reliant Rehabilitation (collectively, "RMG") to dismiss the Counterclaim.

RMG's argument that the claims are "impossible" is nonsensical. The facts, which must be taken as true for the purposes of this motion to dismiss, demonstrate the requisite basis for (1) a claim for cancellation of RMG's invalid service mark registration and (2) a claim that if there is any service mark infringement, which RHP denies, it was caused by RMG's later entry into the Texas market with a confusingly similar RELIANT service mark.

Moreover, RMG's Motion raises matters outside of the pleadings and is essentially a premature summary judgment motion on the issue of which party has the earliest first use of its mark in Texas—an issue which requires discovery and will no doubt be vigorously contested by

the parties. RMG has submitted lengthy discovery, the response to which will establish (1) that RMG is in a totally different market than RHP, (2) the scope and extent of RHP's prior use of the Mark, and (3) the Mark obtained by RMG relied upon false claims and misrepresentations and is as a result, totally worthless. Through the response to that discovery, RMG will be forced to conclude that its suit is frivolous and has absolutely no merit.

In considering this Motion to Dismiss, this Court is obligated to decline to consider any matters outside of the pleadings. For this reason alone, Plaintiffs' Motion to Dismiss fails. However, should this Court choose to treat the motion as a Motion For Summary Judgment, RHP reserves the right to supplement its opposition consistent with Rule 12(d), and further requests that the Court defer ruling on the Motion until discovery is completed, in accordance with Rule 56(f).

In accordance with Rule 56(f), the affidavit of the undersigned, Paul S. Francis, counsel for RHP, is attached as Exhibit "A" hereto in support of the request that the Court defer ruling on the Motion if it is treated as a motion for summary judgment.

## FACTS

The following facts, as alleged in paragraphs 43 through 48 of the Counterclaim, must be taken as true for purposes of RMG's motion:

RHP has made use in Texas of the name Reliant Rehabilitation Hospital since late 2005. As a result of RHP's promotion, advertising, and continuous use, the RELIANT REHABILITATION HOSPITAL mark has acquired a valuable reputation. The RELIANT REHABILITATION HOSPITAL mark has become known to the public in Texas and has become recognized by consumers, the trade, and the public at large as identifying the facilities

associated with RHP. RELIANT REHABILITATION HOSPITAL thus serves as RHP's service mark.

On May 13, 2008, RMG obtained a federal registration of the mark RELIANT REHABILITATION and Design as a service mark for "[p]hysical rehabilitation; [p]roviding physical rehabilitation facilities" in International Class 44 ("RMG's Mark"). See Registration No. 3,426,134.

On May 13, 2009, RHP filed an application for the mark RELIANT REHABILITATION HOSPITAL and Design, Serial Number 77/736,104, in International Class 44 for "[e]xtended acute care hospitalization services and skilled nursing facility providing inpatient and outpatient care consisting of treatment programs following a major illness, trauma, or surgery." ("RHP's Mark").

On August 15, 2009, the Trademark Examiner issued an Office Action against RHP's Mark citing a likelihood of confusion with RMG's Mark.

RMG never used RMG's Mark in commerce and never displayed RMG's Mark on or in any physical rehabilitation facility, thus rendering its application for the trademark false and misleading. On September 23, 2009, RHP filed a Petition for Cancellation before the Trademark Trial and Appeal Board requesting cancellation of registration of RMG's Mark.

RMG is an outside contractor to nursing homes. RMG markets itself to nursing homes, not to nursing home occupants, and contracts with the nursing home to supply it with physical therapists and related services. While those therapists offer physical therapy to the nursing home occupants, they do not do so under the name or mark "RELIANT REHABILITATION." RMG never uses its name or the RMG Mark in connection with providing physical rehabilitation services to the recipients. Only the owner of the nursing home that enters into a contract with

RMG knows RMG's identity or mark. RMG thus never used RMG's Mark in commerce in connection with the services identified as "[p]hysical rehabilitation," or as "[p]roviding physical rehabilitation facilities," prior to the application or registration dates, rendering the registration void due to non-use for the identified services.

To the extent the Court rules that a likelihood of confusion exists, which RHP expressly denies, plaintiffs/counter-defendants caused it by entering the Texas market after RHP did.

## LAW AND ARGUMENT

When ruling on a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 55-56, 127 S.Ct. 1955 (2007); see also *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations."); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (court must assume all the allegations in the complaint are true, even if doubtful in fact). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that the substance of its claims go "across the line from conceivable to plausible." See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 570.

Plaintiffs' Motion should be denied because the Counterclaim alleges facts that (1) give RMG fair notice of what RHP's claims are and the grounds upon which they rest, (2) show that the claims asserted by RHP are plausible, and (3) state claims upon which relief can be granted. To state a claim for cancellation of trademark registration, a party must show: "(1) that it possesses standing to challenge the continued presence on the register of the subject registration and (2) that there is a valid ground why the registrant is not entitled under law to maintain the

registration." *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1026 (Cust. & Pat. App., 1982); see also *Dallas Cowboys Football Club, Ltd. v. America's Team Props., Inc.*, 616 F.Supp.2d 622, 636 (N.D. Tex. 2009) ("[I]f the non-registrant can show that he used the mark in commerce first, then the registration may be invalidated.") (citation omitted). To state a claim for unfair competition under Texas common law, a party must first show that it possesses a protectable mark and, second, demonstrate a likelihood of confusion between the marks. See *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 193-94 (5th Cir. 1998). As set forth in the Facts section above, RHP's Counterclaim goes beyond a mere recitation of conclusory statements, and alleges sufficient facts to satisfy all of the required elements of RHP's claims. See *Twombly*, 550 U.S. at 555-56 (detailed factual allegations are not required under Rule 8(a)(2)).

Plaintiffs' assertion that RHP's claims allegations are "impossible" is based solely on matters that are outside the pleadings. "If the court considers matters outside the pleadings in ruling upon a Rule 12(b)(6) motion to dismiss, the court must convert the motion to one for summary judgment." *Tuley v. Heyd*, 482 F.3d 590, 592 (5th Cir. 1973). However, "Courts in the Fifth Circuit do not have to accept matters outside the pleadings which would convert a motion to dismiss into a motion for summary judgment." *Baptist Health v. BancorpSouth Ins. Servs., Inc.*, No. 3:09CV60, 2010 WL 1461598, at *1 (N.D. Miss. April 12, 2010), citing *Ware v. Associated Milk Producers, Inc.,* 614 F.2d 413, 414-15 (5th Cir. 1980).

The Court should decline to convert this motion to dismiss into a motion for summary judgment at this time because the parties are only in the beginning stages of discovery. The parties have a genuine dispute over the material fact of which party had the first use of the mark in Texas. Indeed, it is RHP's position that RMG has never used its "Mark" in commerce, much

less in Texas.  The question of which party has priority of use is an issue of fact that cannot be determined conclusively without discovery.  See *Gonannies, Inc. v. Goupair.Com, Inc.* 464 F.Supp.2d 603, 608 n.4 (N.D. Tex. 2006).

This District has recognized the "problem with deciding motions for summary judgment too early in the litigation process."  *Baptist Health*, 2010 WL 1461598 at *1 (declining to consider motion for summary judgment where the parties had not yet completed discovery).  The summary judgment process "is best served by allowing all parties the chance to gather evidence and then have the court determine whether legitimate claims exist."  Id.

At a minimum, the Court should defer ruling on the Motion to Dismiss pursuant to Rule 56(f).  Rule 56(f) "provides a mechanism for dealing with the problem of premature summary judgment motions."  *Knight Transp., Inc. v. Westinghouse Digital Elecs., LLC,* No. 3:07-CV-1210-D, 2008 WL 647783, at *1 (N.D.Tex. March 5, 2008).  "The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely."  *Id.*, citing *Union City Barge Line Inc. v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir. 1987).  "To obtain a continuance on a motion for summary judgment a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence."  *Access Telecom, Inc. v. MCI Telecommunications Corp.,* 197 F.3d 694, 719-20 (5th Cir. 1999).

Once discovery has concluded, RHP will have further evidence to support its Counterclaim.  Likewise, RMG will have evidence from RHP showing that that RHP made use of the RMG Mark dating back to late 2005 and that its complaint in this action is frivolous.  RMG seems confused about RHP's ownership rights, because RMG ignores the fact that "RHP,"

by definition, comprises its assignors, principals and/or related companies whose use was assigned to and/or inured to the benefit of RHP.[1]  This is established in the Lanham Act itself:

> Where a registered mark or a mark sought to be registered is or may be used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration, provided such mark is not used in such manner as to deceive the public. If first use of a mark by a person is controlled by the registrant or applicant for registration of the mark with respect to the nature and quality of the goods or services, such first use shall inure to the benefit of the registrant or applicant, as the case may be.

15 U.S.C.A. § 1055; see also *March Madness Athletic Ass'n, L.L.C. v. Netfire, Inc.* 310 F.Supp.2d 786, 811 (N.D. Tex. 2003) (finding that first use of mark by predecessor related company inured to subsequently formed related company).

This fact of RHP's first use of its Mark in 2005, as alleged in the Counterclaim, must be taken as true, and there is no need to amend the complaint to give any further details under the notice pleading requirements.  Given that RHP is unaware of any use made by RMG in Texas prior to 2005, RHP claims a priority of rights over later trademark use made by RMG.[2]   RHP has thus stated a valid claim, in the alternative, that if there is any trademark infringement, which it denies, it was caused by RMG's entry into the marketplace after RHP had established its trademark rights.

---

[1] To give the Court further background information, RHP offers free standing hospital services for rehabilitating patients.  Prior to the actual opening of a Free Standing new Rehabilitation Hospital, much work goes into the decision of where and when to open such hospitals, starting with executing a business plan, raising capital, locating a site, performing bed need analysis, marketing to area physicians and hospitals (both of which are "consumers" as they refer patients to RHP's rehabilitation hospitals) and educating them as to what the hospital facility will offer patients, and lining up sources for referrals for admission. Offering memos are circulated to physicians in the area where the hospitals are to be built to inform the medical community that the hospital is coming, and to give physicians an opportunity to invest.   In connection with all these activities, RHP, through its principals, assignors and/or related entities (as will become evident to RMG during the discovery process), has made use in Texas of the RELIANT REHABILITATION HOSPITAL mark since 2005.

[2] This priority of rights issue will likely not be litigated in any event, because RHP and RMG are not competitors, but rather operate in different markets, in front of different consumers.  Their marks therefore are not confusingly similar.  In short, the parties peacefully coexist in their respective marketplaces under their respective names, and it is irrelevant which party made which use first.

To the extent that RMG suggests in its Motion to Dismiss that RHP lacks standing to seek cancellation, RMG is again mistaken. To have standing to seek cancellation of a mark, the moving party need only show "the likelihood of damage from the continuing registration of the mark." J. Thomas McCarthy, McCarthy on Trademarks § 20:46 (West 2010). RHP's Counterclaim sufficiently alleges the likelihood of damage from the continuing registration of the RMG Mark, which is blocking the application RHP filed for its mark.[3] RHP thus has standing and the Motion to Dismiss should be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Counterclaims should be denied.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  *s/Paul S. Francis*
Paul S. Francis
Texas Bar No. 07359500
Baker & Hostetler LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
Email:  pfrancis@bakerlaw.com

Deborah A. Wilcox
Ohio Bar No. 0038770
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, OH  44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email:  dwilcox@bakerlaw.com

---

[3] RMG did not challenge these facts in the cancellation action pending before the Trademark Trial and Appeal Board.

**Local Counsel for Defendant/Counter-Plaintiff:**

Tammy S. Wood
Texas Bar No. 00788713
Bell Nunnally & Martin LLP
3232 McKinney Ave., Suite 1400
Dallas, Texas  75204-2429
Telephone:  (214) 740-1465
Facsimile:  (214) 740-1499
E-mail: tammyw@bellnunnally.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the persons listed below via ECF filing on October 12, 2010.

David W. Nance, Esq.
D.W. Nance, LLC
5700 Magazine Street
New Orleans, LA 70115

                                                *s/ Paul S. Francis*
                                                Paul S. Francis